# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

**v.**  Case No. 04-C-267
 (00-CR-83)

**PLAZE E. ANDERSON,**

       **Movant.**

# DECISION AND ORDER

Plaze Anderson ("Anderson") filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set-aside or correct his sentence. Anderson has also filed two motions to amend and a motion to stay. All of these motions are now pending before the Court.[1]

## BACKGROUND

On July 6, 2000, a grand jury indicted Plaze Anderson ("Anderson") and four other individuals with a conspiracy to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. § 846. Anderson was the only one who did not plead guilty.

At trial, the government's case relied heavily on the testimony of eight individuals

---

[1] Anderson also filed a motion for an extension of time to file a reply to the government's answer. Subsequently, Anderson filed his reply brief, which this Court accepts and will consider. Accordingly, his motion for an extension of time is denied as moot.

1

who alleged that Anderson was their supplier of crack cocaine. The eight individuals had all previously pled guilty and could potentially receive sentence reductions for their testimony. Anderson argued that the government witnesses were not credible because they were testifying only to reduce their own sentences and that they had agreed to frame Anderson in order to obtain a reduction.

The government countered Anderson's argument by introducing evidence that at least some of the witnesses implicated Anderson when they were first arrested, before they had an opportunity to consult with the other conspirators. Furthermore, the government attacked Anderson's own credibility. Anderson testified at trial that he did not even know some of the government witnesses, including Franklin Jones, Armando Barrios, and Antonio Grant. Yet, the government introduced cell phone records showing that Anderson called those individuals over a period of several months, including 206 calls to Jones in a three-month period and 200 calls to Barrios in a one-month period.

The jury found Anderson guilty, and convicted him of a conspiracy to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. § 846. This Court sentenced Anderson to life imprisonment, a $1,000 fine, restitution of $1,420, five years of supervised release, and a $100 special assessment. *See United States v. Anderson*, 303 F.3d 847 (7th Cir. 2002).

After his conviction was affirmed on appeal, Anderson filed a motion to vacate, set-aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. He raised two grounds for relief.

2

First, Anderson claims that he received ineffective assistance of counsel because his trial attorney made cumulative trial errors. Specifically, he argues that his counsel erred by failing to raise available defenses and failed to object to improper remarks by the prosecutor during closing arguments. His second ground for relief is that his counsel failed to object to this Court's determination of the quantity of narcotics involved in the offense at Anderson's sentencing hearing.

Subsequently, on October 1, 2004, Anderson filed a motion to amend his § 2255 motion. Anderson requested to add a third ground for relief, which was his claim that this Court erred by enhancing his sentence because this Court relied on findings of fact that were not presented to the jury. The Court granted Anderson's motion to amend.

After the government filed its answer, Anderson filed another motion to amend on January 31, 2005. In this motion to amend, Anderson requested leave to challenge his sentence based on the Supreme Court's ruling in *Blakely v. Washington*, 542 U.S. 296 (2004). And again, on December 5, 2005, Anderson filed a third motion to amend, this time asking the Court to add the claim of ineffective assistance of his appellate counsel.

Finally, on July 24, 2006, Anderson filed a motion to stay this proceeding pending the disposition of a case before the United States Supreme Court which will allow the Supreme Court to consider whether *Blakely* is retroactively applicable.

## DISCUSSION

3

I. Anderson's Motions to Amend

In Anderson's first motion to amend, Anderson requests to add a claim which alleges that this Court violated the holding of *Blakely* when it sentenced him. However, this Court already allowed Anderson to add a claim regarding his sentencing, which is precisely the same issue he wishes to add in this motion to amend. Thus, the Court will deny his first motion to amend.

In his second motion to amend, Anderson requests to add a claim of ineffective assistance of appellate counsel. He alleges that his appellate counsel was ineffective because his counsel did not challenge this Court's sentencing enhancements which was based on factual findings that were never presented to a jury. Essentially, he alleges that his appellate counsel should have anticipated the Supreme Court's rulings in *Blakely* and *United States v. Booker*, 543 U.S. 220 (2004). Yet, the Seventh Circuit has stated that such a claim is not tenable. *See Fuller v. United States*, 398 F.3d 644, 651 n. 4 (7th Cir. 2005). Accordingly, the Court will also deny Anderson's second motion to amend.

II. Anderson's Motion to Stay

Anderson filed a motion to stay the decision of his § 2255 motion pending the Supreme Court's decision in *Burton v. Waddington*, 05-9222. In *Burton*, the Supreme Court is going to consider the retroactivity of *Blakely*.

The Court will deny Anderson's motion. Anderson was sentenced according to the federal Sentencing Guidelines, which implicates *Booker*, not *Blakely*. The Supreme Court

4

in *Booker* held that defendants have a right to a jury trial on any fact that would increase the maximum punishment, and the federal Sentencing Guidelines comes under this rule to the extent that the Guidelines are mandatory. The holding in *Booker* is not retroactively applied to criminal cases that became final before its release on January 12, 2005. *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). Anderson's criminal case became final on March 24, 2003. Thus, there is no reason to delay the disposition of Anderson's § 2255 motion because the Court's upcoming decision in *Burton* will not affect Anderson's case.

III.    Anderson's § 2255 Motion

Anderson is left with three grounds in support of his § 2255 motion. Anderson's second and third grounds for relief are without merit for the reasons stated above. His attorney's failure to anticipate the Supreme Court's holding in *Blakely* and *Booker* is not constitutionally deficient. *See Fuller*, 398 F.3d at 651 n. 4. In addition, the holding in *Booker* is not retroactively applicable on collateral review. *See McReynolds*, 397 F.3d at 481. Thus, Anderson's second and third grounds for relief are dismissed.

Anderson's remaining ground for relief is his claim of ineffective assistance of counsel at trial.[2] In order to prevail on an ineffective assistance of counsel claim, the movant

---

[2] Anderson did not raise this issue on direct appeal. Failure to raise an issue on direct appeal constitutes a procedural default that, absent a showing of cause or prejudice, precludes a defendant from raising a new issue in a § 2255 motion. *See Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995). A § 2255 motion is not a substitute for a direct appeal. *See id.* Nevertheless, because procedural default is not a jurisdictional defect, if the government does not raise the issue of procedural default, that defense is waived. *See id.* Here, the government did not raise the procedural default issue as to Anderson's first ground for relief, therefore the government waived that defense.

5

must establish: (1) that his attorney's performance was unreasonable, and (2) that the deficiency prejudiced the outcome of the case. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Anderson claims that counsel was ineffective because his counsel did not raise certain defenses at trial. Specifically, Anderson argues that his attorney should have presented evidence supporting a buyer-seller defense and evidence supporting that there were multiple conspiracies. Furthermore, Anderson argues that his counsel ought to have offered jury instructions pertaining to those defenses. Finally, Anderson claims that his counsel's failure to object to some of the alleged improper remarks of the prosecutor during closing arguments was constitutionally deficient.

Anderson's arguments are unpersuasive. The defense strategy at trial was to claim Anderson was innocent, and that the government witnesses were motivated primarily to reduce their own sentences. If counsel would have raised the buyer-sell defense or the multiple conspiracy defense, that might have undermined his counsel's strategy to convince the jury that Anderson was innocent of any involvement in distributing cocaine. Trial counsel need not present every conceivable theory in support of the defendant in order to provide constitutionally effective counsel. *See Goins v. Lane*, 787 F.2d 248, 254 (7th Cir. 1986). Given the strategy the defense was pursuing at trial, the decision not to present other defenses was reasonable.

Anderson's claim that his counsel should have objected to the prosecutor's statements

6

during closing argument is a closer issue. The prosecutor, during rebuttal, stated,

> Investigator Herriot may be a big guy, but he's not all that intimidating. And I know from personal experience he's a nice guy. So if he talks to somebody, he's probably talking to them because he's a nice guy, not because he's trying to intimidate a witness that's going to testify.
> Tr. at 713-14

On direct appeal, the Seventh Circuit correctly described these remarks as "blatantly improper," because the prosecutor was injecting facts within his own personal knowledge into the case. *See Anderson*, 303 F.3d at 856.

Nevertheless, even if his trial counsel would have objected at this point, such an objection surely would not have affected the outcome of the case. The evidence against Anderson was overwhelming. The government produced numerous witnesses who testified in detail regarding Anderson's role in the drug conspiracy. Furthermore, Anderson undermined his own defense by testifying that he did not know many of the people who testified against him, when phone records established hundreds of calls to those individuals in a short period of time. Accordingly, even if trial counsel would have objected to the prosecutor's statement during closing argument, it would not have changed the outcome of the trial.

7

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Anderson's Motion to Amend (Docket No. 9) is **DENIED**.

Anderson's Motion to Amend (Docket No. 17) is **DENIED**.

Anderson's Motion for an Extension of Time (Docket No. 14) is **DENIED**, as moot.

Anderson's "Informative Motion" to Stay (Docket No. 18) is **DENIED**.

Anderson's Motion to Vacate, Set-Aside, or Correct His Sentence, pursuant to 28 U.S.C. § 2255 is **DENIED**.

The clerk is directed to enter judgment and close this case accordingly.

Dated at Milwaukee, Wisconsin this 14th day of August, 2006.

                        **BY THE COURT**

                        s/ Rudolph T. Randa
                        **Hon. Rudolph T. Randa**
                        **Chief Judge**